# Civil Docket    Discovery: 3    141-269957-14

Cause Of Action: INJURY OR DAMAGE, OTHER INJURY OR DAMAGE

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| Date Filed<br>01/03/2014 | RICHARD KNOX | MARYE, ERIC H.<br>2619 HIBERNIA ST |
| Jury<br>Fee $ | vs. | DALLAS, TX 75204<br>BarID: 24004798TX Ph (214)987-8240 PLTF<br>THE MARYE FIRM<br>EMARYE@MARYELAW.COM |
| Paid<br>By | GENERAL MOTORS, LLC ET AL | DELGADO, VIONETTE D<br>1301 E COLLINS BLVD STE 490 |
| | | RICHARDSON, TX 75081<br>BarID: 24012546TX (214)570-6296<br>DAVID KLOSTERBOER & ASSOCIATES<br>VDELGADO@TRAVELERS.COM |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|
| | | |

141-269957-14

A CERTIFIED COPY
ATTEST: 2-20-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: [signature]
DEPUTY
SHARON BYRD

# CIVIL CASE INFORMATION SHEET

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 141-269957-14 COURT *(FOR CLERK USE ONLY)*: ______

STYLED Richard Knox vs. General Motors, LLC; Commercial Contracting Corporation; WPM, Inc; WPM Construction Services, Inc; WPM-Southern, LLC; Christopher J. Leon, Katelyn Bilodeau; Leon Equipment Company, LLC; and W H L ...

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: Eric H. Maryo
Email: emaryo@maryolaw.com
Address: 2619 Hibernia Street
Telephone: 214-987-8240
City/State/Zip: Dallas, Texas 75204
Fax: 214-987-8241
Signature: Eric H. Maryo (s)
State Bar No: 24004798

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Richard Knox

Defendant(s)/Respondent(s): General Motors, LLC; Commercial Contracting Corporation, WPM, Inc. WPM Construction Services, Inc; WPM-Southern LLC, Christopher J. Leo Katelyn Bilodeau; Leon Equipment Company, LLC; and W H L Equipmer

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: ______

Additional Parties in Child Support Case:

Custodial Parent: ______

Non-Custodial Parent: ______

Presumed Father: ______

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

## *Civil*

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract: ______

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: ______

**Injury or Damage**

- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability: ______
- [ ] Motor Vehicle Accident
- [x] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product: ______
- [x] Other Injury or Damage: Negligent Activity

**Real Property**

- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: ______

**Related to Criminal Matters**

- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other: ______

**Employment**

- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: ______

**Other Civil**

- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other: ______

## *Family Law*

**Marriage Relationship**

- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Post-Judgment Actions (non-Title IV-D)**

- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**

- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Other Family Law**

- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: ______

**Parent-Child Relationship**

- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: ______

**Tax**

- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: ______

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

**4. Indicate damages sought *(do not select if it is a family law case)*:**

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [x] Over $1,000,000

Rev 2/13

A CERTIFIED COPY
ATTEST: 2-20-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: SByrd
DEPUTY
SHARON BYRD

141-269957-14

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

**THE MARYE FIRM**
**2619 Hibernia St.**
**Dallas, Texas 75204**
**Tel. (214) 987-8240 Fax (214) 987-8241**

---

January 03, 2014

Mr. Thomas Wilder
Tarrant County District Clerk
401 W. Belknap, 3rd Floor
Fort Worth, TX 76196

**Via E-File**

Re: Richard Knox vs. General Motors, LLC., et al

Dear Mr. Wilder:

Below is the information for the citations that we are needing in the above referenced matter:

1 Defendant General Motors, LLC, a Michigan Company with its principal place of business in Michigan may be served with process by and through its registered agent Corporation Service Company at 211 E 7th Street, Suite 620, Austin, Texas 78701.

2. Defendant Commercial Contracting Corporation, a Michigan Corporation with its principal place of business in Michigan may be served may be served by and through the Secretary of State by being served with process by and through its registered agent, W.H. Pettibone Jr., 4260 N. Atlantic Boulevard, Auburn Hills, Michigan, 48326.

3. Defendant W.P.M., Inc., a Michigan Corporation with its principal place of business in Michigan may be served with process by and through its registered agent, Christopher J. Leoni, 15800 Applewhite, San Antonio, Texas 78264.

4. Defendant WPM Construction Services, Inc., a Michigan Corporation with its principal place of business in Michigan may be served with process by and through its registered agent, InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

5 Defendant WPM-Southern, LLC, is a Michigan Company with its principal place of business in Michigan, may be served with process by and through its registered agent, Sean B. McNelis, 1100 N.E. Loop 410, Suite 550, San Antonio, Texas 78209.

6 Defendant Christopher J. Leoni, an individual residing in the state of Texas may be served at 15800 Applewhite, San Antonio, Texas 78264.

7. Defendant Katelyn Bilodeau, an individual residing in the State of Michigan may be served by and through the Secretary of State by being served at 135 Maywood Avenue, Rochester, Michigan 48307.

8. Defendant Leoni Equipment Company, LLC., is a Michigan Company with its principal place of business in Michigan, may be served with process by and through its registered agent, William H. Leoni, Jr., 8127 Industrial Park Drive, Grand Blanc, Michigan 48439

A CERTIFIED COPY
ATTEST: 2-20-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Sharon Byrd
DEPUTY
SHARON BYRD 2pgs.

141-269957-14

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

9. Defendant W.H.L Equipment Inc., is a Michigan Company with its principal place of business in Michigan, may be served with process by and through its registered agent, William H. Leoni, Jr. 8 Industrial Park Drive, Grand Blanc, Michigan 48439

Should you have any questions, please do not hesitate to contact our office.

Sincerely,

/s/ Eric H. Marye

Eric H. Marye
Attorney at Law

EHM/cw

141-269957-14

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. ________________________**

| | | |
|---|---|---|
| **RICHARD KNOX**<br>**Plaintiff** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | |
| | § | |
| **GENERAL MOTORS, LLC; COMMERCIAL CONTRACTING CORPORATION; W.P.M., INC.; WPM CONSTRUCTION SERVICES, INC.; WPM-SOUTHERN, LLC; LEONI EQUIPTMENT COMPANY, LLC; W.H.L. EQUIPMENT, INC.; CHRISTOPHER J. LEONI; AND KATELYN BILODEAU** | § | **______ JUDICIAL DISTRICT** |
| **Defendants** | § | **TARRANT COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Richard Knox (hereinafter "Plaintiff") complaining of and about General Motors, LLC; Commercial Contracting Corporation, W.P.M., Inc.; WPM Construction Services, Inc.; WPM-Southern, LLC; Leoni Equipment Company, LLC; W.H.L. Equipment, Inc.; Christopher J. Leoni; and Katelyn Bilodeau ("Defendants") and with cause of action would show unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN

1.1 Pursuant to Texas Rules of Civil Procedure Rule 190, discovery for this case is intended to be conducted under Level 3. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff



A CERTIFIED COPY
ATTEST: 2-20-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Sharon Byrd
DEPUTY
SHARON BYRD
9 pgs.

141-269957-14

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

seeks monetary relief in a sum greater than $100,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post judgment interest at the highest legal rate.

## II.
## PARTIES AND SERVICE

PLAINTIFF

2.1 Plaintiff Richard Knox is a resident of Bryan County, Georgia.

DEFENDANTS

2.2 Defendant General Motors, LLC, a Michigan Company with its principal place of business in Michigan may be served with process by and through its registered agent Corporation Service Company at 211 E 7th Street, Suite 620, Austin, Texas 78701.

2.3 Defendant Commercial Contracting Corporation, a Michigan Corporation with its principal place of business in Michigan may be served by and through the Secretary of State, State of Texas, Citation Unit, P.O. Box 12079, Austin, Texas 78711.

2.4 Defendant W.P.M., Inc., a Michigan Corporation with its principal place of business in Michigan may be served with process by and through its registered agent, Christopher J. Leoni, 15800 Applewhite, San Antonio, Texas 78264.

2.5 Defendant WPM Construction Services, Inc., a Michigan Corporation with its principal place of business in Michigan may be served with process by and through its registered agent, InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

2.6 Defendant WPM-Southern, LLC, is a Michigan Company with its principal place of business in Michigan, may be served with process by and through its registered agent, Sean B. McNelis, 1100

141-269957-14

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

N.E. Loop 410, Suite 550, San Antonio, Texas 78209.

2.7 Defendant Leoni Equipment Company, LLC., is a Michigan Company with its principal place of business in Michigan, may be served with process by and through the Secretary of State, State of Texas, Citation Unit, P.O. Box 12079, Austin, Texas 78711.

2.8 Defendant W.H.L Equipment Inc., is a Michigan Company with its principal place of business in Michigan, may be served with process by and through the Secretary of State, State of Texas, Citation Unit, P.O. Box 12079, Austin, Texas 78711.

2.9 Defendant Christopher J. Leoni, an individual residing in the state of Texas may be served at 15800 Applewhite, San Antonio, Texas 78264.

2.10 Defendant Katelyn Bilodeau, an individual residing in the State of Michigan may be served by and through the Secretary of State, State of Texas, Citation Unit, P.O. Box 12079, Austin, Texas 78711.

## III.
## MISNOMER, ALTER-EGO, & ASSUMED NAME

3.1 In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

3.2 General Motors, LLC, is a business operating in Tarrant County, Texas. Plaintiffs bring this cause of action, in part, against General Motors, LLC, and relies upon arts. 6133 *et. seq.*, TEX. REV. CIV. STAT., and Rule 28, Tex. R. Civ. P., in order to properly identify the Defendant herein.

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

3.2 W.P.M., Inc., is a business with its principle place of business in Michigan. Plaintiffs bring this cause of action, in part, against W.P.M., Inc., and relies upon arts. 6133 *et. seq.*, TEX. REV. CIV. STAT., and Rule 28, Tex. R. Civ. P., in order to properly identify the Defendant herein.

3.3 WPM Construction Services, Inc., is a business with its principle place of business in Michigan. Plaintiffs bring this cause of action, in part, against WPM Construction Services, Inc., and relies upon arts. 6133 *et. seq.*, TEX. REV. CIV. STAT., and Rule 28, Tex. R. Civ. P., in order to properly identify the Defendant herein.

3.4 WPM-Southern, LLC, is a business with its principle place of business in Michigan. Plaintiffs bring this cause of action, in part, against WPM-Southern, LLC, and relies upon arts. 6133 *et. seq.*, TEX. REV. CIV. STAT., and Rule 28, Tex. R. Civ. P., in order to properly identify the Defendant herein.

3.5 Leoni Equipment Company LLC., is a business with its principle place of business in Michigan. Plaintiffs bring this cause of action, in part, against Leoni Equipment Company LLC., and relies upon arts. 6133 *et. seq.*, TEX. REV. CIV. STAT., and Rule 28, Tex. R. Civ. P., in order to properly identify the Defendant herein.

3.6 W.H.L Equipment Inc., is a business with its principle place of business in Michigan. Plaintiffs bring this cause of action, in part, against Leoni Equipment Company LLC., and relies upon arts. 6133 *et. seq.*, TEX. REV. CIV. STAT., and Rule 28, Tex. R. Civ. P., in order to properly identify the Defendant herein.

3.7 Additionally any miss-naming of a Defendant or failure to name a proper Defendant is a misnomer or mistake, and this misnomer or mistake will not mislead or disadvantage the correct entity as the correct entity will have notice of this suit by service to the incorrect but related entity.

141-269957-14

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

*Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex.1990), *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex.1999), *Mahar v. Herrman*, 69 S.W.3d 332, 338 (Tex.App—Fort Worth 2002, pet. denied), *Flour Bluff ISD v. Bass*, 133 S.W.3d 272, 274 (Tex.2004).

## IV.
## JURISDICTION AND VENUE

4.1 The subject matter in controversy is within the jurisdictional limits of this Court

4.2 This Court has jurisdiction over Defendants as they are doing business in the State of Texas and the occurrence which forms the basis of this lawsuit occurred in Texas.

4.3 Venue is proper in Tarrant County, Texas under the Texas Civil Practices and Remedies Code in that the acts or events complained of occurred in Tarrant, County, Texas.

## V.
## FACTS

5.1 On or about January 3, 2012, Plaintiff, an employee of W.P.M., Inc., returned to the Commercial Contracting Corporation worksite, on property owned by General Motors, LLC, in Arlington, Tarrant County, Texas. In the morning meeting it was pointed out to the Plaintiff that an excavator (Kobelco SK 480LC Hydraulic Excavator) had been left in an incorrect location by "Pedro", another W.P.M., Inc. employee. This excavator had been brought on the worksite by the authority and under the direction of Christopher J. Leoni, an officer and principle in W.P.M., Inc.; WPM-Southern, LLC; WPM Construction Services, Inc.; Leoni Equipment Company, LLC.; and W.H.L. Equipment Inc. It is believed at this time that the excavator was owned or leased by W.P.M., Inc.; WPM-Southern, LLC; WPM Construction Services Inc.; Leoni Equipment Company, LLC.; and/or W.H.L. Equipment Inc. Plaintiff intended to move the excavator to the proper parking location. While Plaintiff was climbing the excavator he grabbed the handrail with his right hand and

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

then fell backwards, landing on his head and neck, rendering him unconscious. Plaintiff awoke and was immediately transported to the emergency room. Later the Plaintiff was informed by Katelyn Bilodeau, the onsite safety officer for Commercial Contracting Corporation, that she had failed and "red flagged" that excavator due to the rusted and broken handrail, but on the insistence of Pedro and Christopher J. Leoni, she had rescinded her previous decision and allowed the use of the excavator prior to repairs.

## VI.
## NEGLIGENCE

6.1 Defendants owed a duty to Plaintiff to provide a safe environment to carry on his work. This duty includes providing reasonably safe and suitable signage and safety tools to indicate that an unsafe condition may exist, help prevent any injuries, and provide safety training and instruction to all employees.

6.2 Defendants had reason to anticipate injury of employees due to the nature of the work involved and negligently failed to perform the duty arising on account of that anticipation in terms of providing a safe work environment and adequate safety instruction for employees.

6.3 Specifically, Defendants negligently failed to maintain the excavator in such a manner that the handrail and steps broke and gave way when the Plaintiff attempted to climb aboard the excavator, by negligently allowed a defective excavator onto the job site, negligently failed to remove from operation a known defective excavator, and by not noting in the excavator log book the conditions which led to the excavator needing to be removed from operation. The failure of the Defendants to perform said duties proximately caused the personal injuries of Plaintiff complained of herein.

141-269957-14

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

## VII.
## PREMISES NEGLIGENCE

7.1 At the time of the incident the General Motors, LLC, Defendants owned, leased, or otherwise occupied the premises where the incident occurred.

7.2 The project in question posed an unreasonable risk of harm to Plaintiff Richard Knox and others, and the General Motors, LLC, Defendants knew or reasonably should have known of the danger.

7.3 The General Motors, LLC, Defendants failed to exercise ordinary care to protect Plaintiff Richard Knox and others from the dangers of faulty equipment by both failing to adequately warn of the dangerous condition or by enacting and enforcing lock out/tag out procedures to isolate the faulty equipment from where he was working.

7.4 The General Motors, LLC, Defendants failure to use ordinary care proximately caused the incident, injuries, and damages to Plaintiffs.

7.5 In the alternative, the General Motors, LLC, Defendants had actual knowledge of injury-producing hazard and exercised or retained some control over the manner in which the injury-causing work was performed, other than the right to order the work to start or stop or to inspect progress or receive reports.

7.6 The General Motors, LLC, Defendants' failure to use ordinary care proximately caused the incident, injuries and damages to Plaintiffs.

## VIII.
## DAMAGES

8.1 As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was injured. Plaintiff demands compensation for the following damages.

141-269957-14

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;
2. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;
3. Physical pain and suffering in the past;
4. Physical pain and suffering which will, in all reasonable probability, be suffered in the future;
5. Mental anguish in the past;
6. Mental anguish which will, in all reasonable probability, be suffered in the future;
7. Loss of earnings in the past;
8. Loss of future earning capacity;
9. Past and future Physical impairment;
10. Past and future physical disfigurement; and
11. Past and future loss of household services.

8.2 By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## IX.
## JURY DEMAND

9.1 Pursuant to Rule 216 of the Texas Rule of Civil Procedure, Plaintiff respectfully requests that

141-269957-14

FILED
TARRANT COUNTY
1/3/2014 3:43:20 PM
THOMAS A. WILDER
DISTRICT CLERK

this case be tried before a jury.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount in excess of the minimal jurisdictional limits of this court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,
**THE MARYE FIRM**

/s/ Eric H. Marye
**ERIC H. MARYE**
State Bar of Texas No. 24004798
emarye@maryelaw.com
**MARC S. CHASTAIN**
State Bar of Texas No. 24081528
mchastain@maryelaw.com
2619 Hibernia Street
Dallas, TX 75204
Phone (214) 987-8240
Fax (214) 987-8241
**ATTORNEYS FOR PLAINTIFF**

141-269957-14

FILED
TARRANT COUNTY
2/18/2014 9:40:23 AM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 141-269957-14**

| | | |
|---|---|---|
| **RICHARD KNOX, PLAINTIFF,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **141ST JUDICIAL DISTRICT** |
| | § | |
| **GENERAL MOTORS, LLC; COMMERCIAL CONTRACTING CORPORATION; W.P.M., INC.; WPM CONSTRUCTION SERVICES, INC.; WPM-SOUTHERN, LLC, LEONI EQUIPMENT COMPANY, LLC; W.H.L. EQUIPMENT, INC.; CHRISTOPHER J. LEONI; AND KATELYN BILODEAU DEFENDANTS.** | § | **TARRANT COUNTY, TEXAS** |

**DEFENDANTS COMMERCIAL CONTRACTING CORPORATION AND KATELYN BILODEAU'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Commercial Contracting Corporation and Katelyn Bilodeau, Defendants in the above-entitled and numbered cause, and in response to Plaintiff's Original Petition state to the Court and jury the following:

**I.**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters this General Denial, and Defendants deny generally, each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendants Commercial Contracting Corporation and Katelyn Bilodeau, having fully answered herein, pray that Plaintiff take nothing by reason of this suit, that Defendants go hence without day and recover costs of Court, and for such

A CERTIFIED COPY
ATTEST: 2-20-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Sharon Byrd
DEPUTY
SHARON BYRD

141-269957-14

FILED
TARRANT COUNTY
2/18/2014 9:40:23 AM
THOMAS A. WILDER
DISTRICT CLERK

other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled.

Respectfully Submitted,
DAVID KLOSTERBOER & ASSOCIATES

VIONETTE DELGADO
Texas Bar No. 24012546
1301 E. Collins Blvd., Suite 490
Richardson, TX 75081
Direct Telephone: 214-570-6296
Main Telephone: 214-570-6300
Direct Facsimile: 855-870-1279
Email: vdelgado@travelers.com

ATTORNEYS FOR DEFENDANTS
COMMERCIAL CONTRACTING
CORPORATION AND KATELYN BILODEAU

**CERTIFICATE OF SERVICE**

This is to certify that, on this February 18, 2014, a true and correct copy of the foregoing document was forwarded to all counsel of record as follows:

Eric H. Marye
The Marye Firm
2619 Hibernia Street
Dallas, Texas 75204
*Facsimile 214-987-8241*

*Attorney for Plaintiff,*
*Richard Knox*

____ Hand Delivery
____ Facsimile
XXX E-service
____ Receipted Commercial Delivery
____ Regular U.S. Mail

Vionette Delgado

141-269957-14



FILED
TARRANT COUNTY
2/18/2014 10:03:59 AM
THOMAS A. WILDER
DISTRICT CLERK

# The State of Texas
## Secretary of State

2014-236262-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Plaintiff's Original Petition in the cause styled:

Richard Knox vs. General Motors, LLC et al
141st Judicial District Court Of Tarrant County, Texas
Cause No: 14126995714

was received by this office on January 23, 2014, and that a copy was forwarded on February 6, 2014, by CERTIFIED MAIL, return receipt requested to:

Commercial Contracting Corporation
W.H. Pettibone Jr., Registered Agent
4260 N. Atlantic Boulevard
Auburn Hills, MI 48326

The RETURN RECEIPT was received in this office dated February 10, 2014, bearing signature.

THE STATE OF TEXAS

Date issued: February 10, 2014

Nandita Berry
Nandita Berry
Secretary of State
CT/vo

A CERTIFIED COPY
ATTEST: 2-20-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Sharon Byrd
DEPUTY
SHARON BYRD 2PGS

141-269957-14

# The State of Texas



FILED
TARRANT COUNTY
2/18/2014 10:03:59 AM
THOMAS A. WILDER
DISTRICT CLERK

*Service of Process*
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

Secretary of State

February 10, 2014

**2014-236262**
**Include reference number in all correspondence**

Eric H. Marye
The Marye Firm
2619 Hibernia St
Dallas, TX 75204

RE: Richard Knox vs. General Motors, LLC et al
141st Judicial District Court Of Tarrant County, Texas
Cause No: 14126995714

Dear Sir/Madam:

Please find enclosed your Certificate(s) of Service for the case styled above.

If this office may be of further assistance to you, please do not hesitate to contact us.

Sincerely,

Venita Okpegbue
Service of Process

Enclosure

141-269957-14

FILED
TARRANT COUNTY
2/20/2014 9:20:01 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. 141-269957-14

| | | |
|---|---|---|
| RICHARD KNOX<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC.; COMMERCIAL CONTRACTING CORPORATION; W.P.M., INC.; WPM CONSTRUCTION SERVICES, INC.; WPM-SOUTHERN, LLC; LEONI EQUIPMENT COMPANY, LLC; W.H.L. EQUIPMENT, INC.; CHRISTOPHER J. LEONI; AND KATELYN BILODEAU<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>OF TARRANT COUNTY, TEXAS<br><br>141ST JUDICIAL DISTRICT |

**DEFENDANT GENERAL MOTORS LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant General Motors LLC ("General Motors" or "GM"), files this its Special Exception and Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

**I.**

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, General Motors denies each and every material allegation contained in Plaintiff's Original Petition (including any amendment thereto), demands strict proof thereof, and to the extent such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if they can do so.

A CERTIFIED COPY
ATTEST: 2-20-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Sharon Byrd
DEPUTY
SHARON BYRD

5pgs.

FILED
TARRANT COUNTY
2/20/2014 9:20:01 AM
THOMAS A. WILDER
DISTRICT CLERK

**II.**

Pleading further, alternatively, and by way of affirmative defense, General Motors would show that, at the time and on the occasion in question, Plaintiff failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was alternatively, a proximate cause or a producing cause or the sole proximate or the sole producing cause of the accident in question and any alleged injuries and damages stemming therefrom. General Motors therefore invokes the comparative responsibility provisions of the Texas Civil Practice & Remedies Code § 33.001, *et. seq*. Additionally, General Motors herein pleads for contribution, indemnity and comparative responsibility from any and all parties whose negligence and/or fault is shown to be a proximately and/or producing cause of the occurrence in question pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code. Similarly, to the extent that Plaintiff enters into settlements with any other parties, or alternatively collect any judgments from any other parties, General Motors prays for lawful offsets, credits and reductions pursuant to the laws of the State of Texas.

**III.**

Pleading further, alternatively, and by way of affirmative defense, General Motors would show the accident in question and Plaintiff's alleged injuries and damages were the result of negligent acts and/or omissions of others beyond General Motors' control, whose acts or omissions were a proximate cause or a producing cause or the sole proximate or the sole producing cause of the accident in question and Plaintiff's alleged injuries and damages.

141-269957-14

FILED
TARRANT COUNTY
2/20/2014 9:20:01 AM
THOMAS A. WILDER
DISTRICT CLERK

**IV.**

Pleading further, alternatively, and by way of affirmative defense, General Motors would show, in the unlikely event that any liability be found on the part of General Motors, that such liability be reduced by the percentage of the causation found to have resulted from the negligence and/or from the acts or omissions of Plaintiff and/or any other third parties pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code.

**V.**

General Motors respectfully requests that a court reporter attend all sessions in Court in connection with this case and that said reporter take full notes of all testimony offered, together with any objections, rulings, and remarks of the Court and exemptions thereto and such other proceedings as may be needed or requested by said Defendant. *See Christie v. Price*, 558 S.W.2d 922 (Tex. Civ. App. — Texarkana 1977, no writ).

**VI.**

General Motors further pleads, in the alternative, that Plaintiff has failed to mitigate damages as required by law.

**VII.**

General Motors hereby gives actual notice that any and all documents produced during discovery may be used against the producing parties at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the TEX. R. CIV. P.

**VIII.**

General Motors also invokes § 18.091 of the TEX. CIV. PRAC. & REM. CODE and requests that to the extent that Plaintiff seeks recovery for loss of earnings, loss of support, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss

FILED
TARRANT COUNTY
2/20/2014 9:20:01 AM
THOMAS A. WILDER
DISTRICT CLERK

must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. General Motors further requests under that section that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

**IX.**

General Motors invokes § 41.0105 of the TEX. CIV. PRAC. & REM. CODE and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid or incurred by or on behalf of the Plaintiff, as opposed to the amount charged.

**X.**
**JURY DEMAND**

General Motors respectfully demands a jury for the trial of this matter.

**XI.**
**REQUEST FOR DISCLOSURE**

Pursuant to Rule 194, request is made that Plaintiff disclose, within thirty (30) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a – l).

**WHEREFORE, PREMISES CONSIDERED,** Defendant General Motors, LLC respectfully prays that Plaintiff take nothing by this suit; for an award of all costs and expenses incurred on its behalf; and for such other and further relief, both at law and in equity, to which it may show itself justly entitled.

141-269957-14

FILED
TARRANT COUNTY
2/20/2014 9:20:01 AM
THOMAS A. WILDER
DISTRICT CLERK

Respectfully submitted,

**KYLE DREYER**
TX Bar No. 06119500
kdreyer@hdbdlaw.com
**BRAD J. ROBINSON**
TX Bar No. 24058076
brobinson@hdbdlaw.com
**HARTLINE DACUS BARGER DREYER, LLP**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
Telephone: 214-369-2100
Facsimile: 214-369-2118
**ATTORNEYS FOR DEFENDANT GENERAL MOTORS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this the 20th day of February, 2014.

JIMSGTM8

TARRANT COUNTY DISTRICT CLERK'S OFFICE
ALL TRANSACTIONS FOR A CASE

Page: 1
Date: 02/20/2014
Time: 14:15

Cause Number: 141-269957-14 Date Filed: 01/03/2014

RICHARD KNOX | vs | GENERAL MOTORS, LLC ET AL

Cause of Action: INJURY OR DAMAGE, OTHER INJURY OR DAMAGE
Case Status····: PENDING

| Filemark | Description | | Fee Total |
|---|---|---|---|
| 01/03/2014 | CIVIL INFORMATION SHEET | UI | 0.00 |
| 01/03/2014 | CIT SEC OF ST-ISSUED ON KATELYN BILODEAU-ON | NI | 8.00 |
| 01/03/2014 | CITATION TO SECRETARY OF STATE TR# 2 SCAN | UI | 0.00 |
| 01/03/2014 | COURT COST (PAID) trans #2 | Y | 8.00 |
| 01/03/2014 | COPIES - ELECTRONIC | N | 6.30 |
| 01/03/2014 | COURT COST (PAID) trans #5 | Y | 6.30 |
| 01/03/2014 | CIT SEC OF ST-ISSUED ON W.H.L. EQUIPMENT INC.-ON | NI | 8.00 |
| 01/03/2014 | CITATION TO SECRETARY OF STATE TR# 7 SCAN | UI | 0.00 |
| 01/03/2014 | COURT COST (PAID) trans #7 | Y | 8.00 |
| 01/03/2014 | COPIES - ELECTRONIC | N | 6.30 |
| 01/03/2014 | COURT COST (PAID) trans #10 | Y | 6.30 |
| 01/03/2014 | CIT Sec of St-ISSUED ON LEONI EQUIPMENT COMPANY | NUI | 8.00 |
| 01/03/2014 | CITATION TO SECRETARY OF STATE TR# 12 SCAN | UI | 0.00 |
| 01/03/2014 | COURT COST (PAID) trans #12 | Y | 8.00 |
| 01/03/2014 | COPIES - ELECTRONIC | N | 6.30 |
| 01/03/2014 | COURT COST (PAID) trans #15 | Y | 6.30 |
| 01/03/2014 | CIT SEC OF ST-ISSUED ON COMMERCIAL CONTRACTING | NI | 8.00 |
| 01/03/2014 | CITATION TO SECRETARY OF STATE TR# 17 SCAN | UI | 0.00 |
| 01/03/2014 | COURT COST (PAID) trans #17 | Y | 8.00 |
| 01/03/2014 | COPIES - ELECTRONIC | N | 6.30 |
| 01/03/2014 | COURT COST (PAID) trans #20 | Y | 6.30 |
| 01/03/2014 | CITATION-ISSUED ON GENERAL MOTORS LLC-ON | NI | 8.00 |
| 01/03/2014 | CITATION TR# 22 SCAN | UI | 0.00 |
| 01/03/2014 | COURT COST (PAID) trans #22 | Y | 8.00 |
| 01/03/2014 | COPIES - ELECTRONIC | N | 3.15 |
| 01/03/2014 | COURT COST (PAID) trans #25 | Y | 3.15 |
| 01/03/2014 | CITATION-ISSUED ON W.P.M. INC.-ON 01/07/2014 | NI | 8.00 |
| 01/03/2014 | CITATION TR# 27 SCAN | UI | 0.00 |
| 01/03/2014 | COURT COST (PAID) trans #27 | Y | 8.00 |
| 01/03/2014 | COPIES - ELECTRONIC | N | 3.15 |
| 01/03/2014 | COURT COST (PAID) trans #30 | Y | 3.15 |
| 01/03/2014 | CITATION-ISSUED ON WPM CONSTRUCTION SERVICES | NI | 8.00 |
| 01/03/2014 | CITATION TR# 32 SCAN | UI | 0.00 |
| 01/03/2014 | COURT COST (PAID) trans #32 | Y | 8.00 |
| 01/03/2014 | COPIES - ELECTRONIC | N | 3.15 |
| 01/03/2014 | COURT COST (PAID) trans #35 | Y | 3.15 |
| 01/03/2014 | CITATION-ISSUED ON WPM-SOUTHERN LLC-ON | NI | 8.00 |
| 01/03/2014 | CITATION TR# 37 SCAN | UI | 0.00 |
| 01/03/2014 | COURT COST (PAID) trans #37 | Y | 8.00 |
| 01/03/2014 | COPIES - ELECTRONIC | N | 3.15 |
| 01/03/2014 | COURT COST (PAID) trans #40 | Y | 3.15 |
| 01/03/2014 | CITATION-ISSUED ON CHRISTOPHER J. LEONI-ON | NI | 8.00 |
| 01/03/2014 | CITATION TR# 42 SCAN | UI | 0.00 |

JIMSGTM8

TARRANT COUNTY DISTRICT CLERK'S OFFICE
ALL TRANSACTIONS FOR A CASE

Page: 2
Date: 02/20/2014
Time: 14:15

Cause Number: 141-269957-14 Date Filed: 01/03/2014

RICHARD KNOX | vs | GENERAL MOTORS, LLC ET AL

Cause of Action: INJURY OR DAMAGE, OTHER INJURY OR DAMAGE
Case Status····: PENDING

| Filemark | Description | | Fee Total |
|---|---|---|---|
| 01/03/2014 | COURT COST (PAID) trans #42 | Y | 8.00 |
| 01/03/2014 | COPIES - ELECTRONIC | N | 3.15 |
| 01/03/2014 | COURT COST (PAID) trans #45 | Y | 3.15 |
| 01/03/2014 | PLTF ORIG PETITION | NI | 274.00 |
| 01/03/2014 | COURT COST (PAID) trans #47 | Y | 274.00 |
| 01/03/2014 | E-FILE TRANSACTION FEE | N | 2.00 |
| 01/03/2014 | COURT COST (PAID) trans #49 | Y | 2.00 |
| 02/18/2014 | COMMERCIAL CONTRACTING'S & K. BILODEAU'S ORIG ANS | I | 0.00 |
| 02/18/2014 | E-FILE TRANSACTION FEE | N | 2.00 |
| 02/18/2014 | COURT COST (PAID) trans #52 | Y | 2.00 |
| 02/18/2014 | VERIFICATION FROM SECRETARY OF STATE-COMMERCIAL | I | 0.00 |
| 02/18/2014 | E-FILE TRANSACTION FEE | N | 2.00 |
| 02/18/2014 | COURT COST (PAID) trans #55 | Y | 2.00 |
| 02/20/2014 | GENERAL MOTORS LLC'S ORIG ANSWER | I | 0.00 |
| 02/20/2014 | E-FILE TRANSACTION FEE | N | 2.00 |
| 02/20/2014 | COURT COST (PAID) trans #58 | Y | 2.00 |

Total Number Of Records Printed: 59